# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| William Cox, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:16-cv-3073-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nucor Corporation d/b/a Nucor Steel, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff William Cox's objections to United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R & R") (ECF Nos. 23 & 19). In her R & R, the Magistrate Judge recommends granting Defendant Nucor Corporation's motion to dismiss. For the reasons stated herein, the Court overrules Plaintiff's objections, adopts the R & R, and grants Defendant's motion to dismiss.

## BACKGROUND

This employment discrimination action arises out of Plaintiff's claim that Defendant failed to accommodate his alleged disability, as well as Plaintiff's claim that Defendant created a hostile work environment.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations

in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **ANALYSIS**

The bulk of Plaintiff's "objections" to the R & R are devoted to a recitation of the standards for a pleading and for a motion to dismiss, as well as a generalized discussion of the ADA and its requirements. Those objections do not address the Magistrate Judge's R & R and are neither specific nor particularized to that R & R. Therefore, they are overruled.

Plaintiff's first true objection relates to the Magistrate Judge's analysis of his failure to accommodate claim. The Magistrate Judge recommends that the Court dismiss Plaintiff's failure to accommodate claim because he failed to exhaust his administrative remedies. The Magistrate Judge's recommendation is based on Plaintiff's failure to include that claim in the charge he filed with the Equal Employment Opportunity Commission. *See Sydnor v. Fairfax Cty.*, 681 F.3d 591, 593 (4th Cir. 2012) (noting that the Americans with Disabilities Act requires a plaintiff to exhaust his administrative remedies for a claim by filing a charge with the EEOC before bringing suit in federal court).

Plaintiff argues that the charge he filed with the EEOC is not required to set forth all of his claims. Not so. As noted by the Magistrate Judge, the "'scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents.'" *Id.* (quoting *Jones v. Calvert Grp.*, 551

F.3d 297, 300 (4th Cir. 2009)). "'[A] plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different . . . discriminatory conduct than the central factual allegations in his formal suit.'" *Id.* (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 406 (4th Cir. 2005)). Moreover, courts "are not at liberty to read into administrative charges allegations they do not contain." *Balas v. Huntington Ingalls Indus.*, 711 F.3d 401, 408 (4th Cir. 2013). Thus, Plaintiff's first objection is overruled.

Next, Plaintiff claims that his charge does in fact raise his failure to accommodate claim. The Court disagrees. Plaintiff's EEOC charge cannot be read to be raising a failure to accommodate claim. In fact, the charge states that Plaintiff **received** a reasonable accommodation. Accordingly, that objection is also overruled.

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the Court also dismiss his hostile work environment claim. As to this claim, the Magistrate Judge concluded that Plaintiff failed to plead sufficient facts to state a claim. Plaintiff argues that his complaint contains sufficient facts to overcome Defendant's motion to dismiss. Specifically, Plaintiff states that Defendant required him to work with his harassers on a daily basis, that Defendant's employees were aware of Plaintiff's disability and harassed him in order to exacerbate his condition, and that Defendant refused to transfer Plaintiff in an effort to force Plaintiff to quit.

> To state a hostile work environment claim under the ADA, Plaintiff must show that:
>
> (1) he is a qualified individual with a disability; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer.

*Fox v. Gen. Motors Corp.*, 247 F.3d 169, 177 (4th Cir. 2001). It is the severe or pervasive element that dooms Plaintiff's case. That element has both a subjective and an objective component, and

the objective component requires Plaintiff to "demonstrate that the conduct was such that a reasonable person in the plaintiff's position would have found the environment objectively hostile or abusive." *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). As noted by the Magistrate Judge, Plaintiff's allegations lack the specificity necessary for the Court to assess the severity of Defendant's alleged conduct. Plaintiff repeatedly uses the word harassment in his complaint without specifying what that harassment entailed. Such general allegations of harassment are insufficient to withstand a motion to dismiss a hostile work environment claim. *See Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 312 (D. Md. 2015). Thus, Plaintiff's objection to the Magistrate Judge's analysis of his hostile work environment claim is overruled.

## CONCLUSION

For the reasons stated herein, Plaintiff's objections are **OVERRULED**, the R & R is **ADOPTED**, and Defendant's motion to dismiss is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 22, 2017**
**Charleston, South Carolina**